119 N.J. Super. 567 (1972)
293 A.2d 189
WILLIAM BARAN, PLAINTIFF-RESPONDENT,
v.
WILLIAM F. KELLY, JR., DEFENDANT-APPELLANT. ROBERT S. BURROWS and THOMAS E. GALLAGHER, PLAINTIFFS-RESPONDENTS,
v.
WILLIAM F. KELLY, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 22, 1972.
Decided June 22, 1972.
Before Judges LABRECQUE, MINTZ and ALLCORN.
Mr. Spencer N. Miller argued the cause for appellant William F. Kelly (Spencer N. Miller and James A. Galdieri, attorneys).
Mr. George J. Kaplan argued the cause for respondent William V. Musto.
*568 Mr. John Tomasin argued the cause for respondents Robert S. Burrows and Thomas E. Gallagher.
Mr. James E. Flynn argued the cause for respondents William Baran and Francis G. Fitzpatrick.
PER CURIAM.
William F. Kelly, Jr., outgoing chairman of the Democratic County Committee of Hudson County, appeals from a final judgment dated June 21, 1972 which provides, in substance, that a new meeting of the committee be scheduled for Tuesday, June 27, 1972; that there shall be admitted to said meeting, among others, the chairmen of the municipal Democratic committees in said county, without vote or voice on the floor; appoints the Honorable Victor S. Kilkenny as master, with power to act as temporary chairman of said new meeting in accordance with said order; and provides that the vote at said meeting to determine whether the balloting for the election of officers shall be open or secret shall be by open roll-call vote. The judgment contains various other provisions which are not challenged on this appeal.
All parties to this controversy concede that the county committee itself, by vote of its membership, has the authority to determine whether the vote on the election of the chairman and other officers shall be by open or secret vote. The law is well settled that, absent any controlling statute or by-law to the contrary, general parliamentary procedures, with certain exceptions not here applicable, call for open voting. Robert's Rules of Order Newly Revised (1970), § 4, at 36-37; § 44 at 346-348; Demeter's Manual of Parliamentary Law and Procedure (1969), c. 3, II at 32.
Appellant's basic contention is that there should be a secret ballot on the question of whether balloting for the election of the chairman and other officers of the committee shall be open or secret. We hold that Judge Larner properly concluded that the vote to determine whether the balloting *569 for the respective positions should be open or secret shall be by open roll-call vote. Members of the county committee, in organizing and balloting for the election of their officers, perform a function imposed upon them by N.J.S.A. 19:5-3. As such, their function partakes of that of "trustees of the party interests for the registered voters of the party in the county." Deamer v. Jones, 42 N.J. 516, 520 (1964); Bontempo v. Carey, 64 N.J. Super. 51, 57 (Law Div. 1960). In the absence of a statutory or a by-law provision to the contrary, we incline to the view that an open roll-call vote is required. Only in this way will "their constituents * * * know how they voted." Deamer v. Jones, supra, 42 N.J. at 521.
We are met by the argument that to require an open vote would subject members of the county committee who are themselves or who may have members of their families employed by a municipality to reprisals should their votes not accord with the views of their superiors. The court below found this implication to be an insufficient basis for intruding upon the fundamental right of the committee to itself determine the method of voting. We may not assume that municipal officials in this or any other county will so improperly use their positions. Assuming that such reprisals were to result, however, the affected committee members would not necessarily be without remedy.
We find ample justification in the record for the conclusion of the trial judge that the chairmen of the various municipal committees should be permitted to be present, without voice or vote; and for his further conclusion that the facts found by him justify the appointment of the designated master as temporary chairman to preside at the organizational meeting of the committee.
The final judgment in all respects is affirmed. No costs.