## MARYLAND STATE BAR ASSOCIATION, INC. *v.* ROBERTSON

[Misc. Docket (Subtitle BV) No. 13, September Term, 1974.]

*Decided September 10, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Paul M. Sandler,* with whom was *Alan B. Lipson* on the petition, for the Bar Association.

*Elwood E. Swam* for Roy Lynn Robertson.

PER CURIAM ORDER.

The Court having considered the memorandum of opinion and recommendation of the panel of Judges that Roy Lynn Robertson (a/k/a Rob Robertson) be reprimanded, the exceptions to the recommendation filed by the Bar Association, the answer thereto, and arguments of counsel, it is, this 10th day of September, 1975,

ORDERED, by the Court of Appeals of Maryland, a majority of the Court concurring, that the recommendation of the panel be, and it is hereby, adopted, and it is further

*ORDERED,* that Roy Lynn Robertson (a/k/a Rob Robertson) be, and he is hereby, reprimanded.

_____

## MEMORANDUM OF OPINION AND RECOMMENDATION OF PANEL

Pursuant to the order of the Court of Appeals of Maryland, dated November 8th, 1974, the undersigned, Chief Judge and Judges of the Fifth Judicial Circuit of Maryland, conducted a hearing in the Circuit Court for Howard County on the Statement of Charges and Request for Disciplinary Action filed by the Maryland State Bar Association, Inc. against Roy Lynn Robertson (a/k/a Rob Robertson), a member of the Bar of the State of Maryland. At that hearing the parties agreed and stipulated to the matters and facts set forth in paragraphs 1 through 5 of said Statement of Charges. Accordingly, to make a determination in this matter it became only necessary for us to review that stipulation and consider the arguments and persuasion of counsel and the Defendant.

While contritely agreeing to the allegations that he has violated a disciplinary rule, improperly advertised himself as a lawyer, improperly identified himself as a lawyer in a publication of his affiliated business and improperly solicited representation of clients for himself, Mr. Robertson urges upon us the proposition that it was not the purpose of the letter (Plaintiff's Exhibit A), which is the gravamen of this action, to foster these ends. He insists that the true explanation of the mailing is contained in the fifth paragraph thereof, as follows:

> "This exploratory letter is to obtain an indication of the amount of interest among Members of Congress for a service of this type. Would you please check in the appropriate space on the enclosed card to indicate if you feel this service could be valuable to your campaign by removing one potential area of concern and difficulty?"

The Plaintiff appeared satisfied to rely on the stipulation.

To these circumstances, then, we have applied the admonition of the Court of Appeals of Maryland, as stated by Judge Digges speaking for the Court in the case of *Bar Ass'n. of Balto. City v. Marshall,* 269 Md. 510, at page 519:

> "* * * It must be borne in mind that the purpose of disciplinary actions such as this is not to punish the offending attorney, as that function is performed in other types of legal proceedings, but it is to protect the public from one who has demonstrated his unworthiness to continue the practice of law.* * *."

Since the Defendant is a part-time practitioner of the law, we can understand, and believe, that the intent of his letter was as averred; i.e., to pursue the establishment of a service outside of his law practice. Although his legal endeavors might have indirectly benefited from the publication of the letter of November 27, 1973, clearly, we cannot find in his actions an "unworthiness" to continue the practice of law. Rather, we find the peccadillo of poor judgment, more a transgression of etiquette than ethics, which we conclude will not be repeated by this attorney. *Baran v. Kelly,* 293 A. 2d 189. Consequently, we detect no dictate to advise that drastic steps be used to protect the public from Roy Lynn Robertson in the future. However, we are constrained to hold that censure is in order.

It is, therefore, this 2 day of February, 1975, pursuant to Rule BV5 of the Maryland Rules of Procedure, recommended to the Court of Appeals of Maryland that Roy Lynn Robertson (a/k/a Rob Robertson) be reprimanded.

/s/ James Macgill, C. J.

/s/ T. Hunt Mayfield, A. J.

/s/ E. O. Weant, Jr., A. J.